IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 21-CR-450-CVE |
| v. | |
| RAYMOND LEE GOLDESBERRY, | |
| Defendant. | |

## PROTECTIVE ORDER

Upon the unopposed motion of the United States for a protective order regarding certain discovery items (Dkt #10), the Court, being advised as to the nature of this case and relevant materials, finds that all discovery and investigative materials are provided for purposes of the trial of the above-captioned case.

IT IS HEREBY ORDERED that the Government attorneys are protected if they disclose to counsel for the above, prior to trial, all discovery and investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).

IT IS FURTHER ORDERED:

    a.    The defense team may not disseminate the investigative materials provided pursuant to discovery for any purpose other than to those individuals identified in subparagraph b;

  b. The defense team may not show the transcripts and other investigative materials provided pursuant to discovery to anyone with the exception of the defendant, defendant's attorney of record in this case and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case and not leave any protected material in the possession of the defendant or permit it to be copied;

  c. The defense team may not reproduce the documents, transcripts and other investigative materials for dissemination to any persons or parties other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, and shall maintain complete custody and control over them, including all copies;

  d. If the defense team wishes to file any protected material with the Court, or to make reference to its contents, including reference to the identity of any minors, the filing must be sealed, absent prior written permission of the government to file an unsealed version;

  e. In the event that current defense counsel is replaced by new defense counsel, defense counsel shall not turn over any discovery to new counsel without prior written permission of the government. The government will only grant permission when it is satisfied that new counsel has reviewed the terms of the Protective Order and has acknowledged that he/she is bound by them; and

  f. The provisions of this Order shall not terminate at the conclusion of this prosecution.

Defense counsel shall return the transcripts and other investigative materials provided pursuant to discovery to the United States Attorney's Office as soon as reasonably possible after the conclusion of the trial or subsequent appeal of this matter.

DATED this 14th day of October, 2021.

_____
SUSAN E. HUNTSMAN
UNITED STATES MAGISTRATE JUDGE