**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 21-CR-450-CVE |
| **RAYMOND LEE GOLDESBERRY,** | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO QUASH GOVERNMENT'S SUBPOENA

**COMES NOW** Defendant, Raymond Lee Goldesberry, by and through his counsel of record, Andrea Brown, and pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure and Rule 17 of the Federal Rules of Criminal Procedure, moves this Court to quash or modify the Subpoena issued to Jessica McMillan by the United States Government.

### FACTS RELEVANT TO THIS MOTION

1. On October 6, 2021, Defendant Raymond Goldesberry ("Defendant") was charged by Indictment with Aggravated Sexual Abuse of a Minor Under 12 in Indian Country (Dkt. # 2.)

2. Prior to a detention hearing, the Government requested that Defendant have no contact whatsoever with either of his children, M.V. as well as F.G., an adult. While both children were upset and objected to the proposed conditions of pretrial release, Defendant agreed to these (and other) terms and has had no contact with either M.V. or F.G. since October 2021.  (Dkt. # 13-15.)

3. Government's first discovery production was provided to Defendant's counsel on October 18, 2021. Included in the Government's initial discovery was a summary of M.V.'s only interview, which was a forensic interview conducted at the behest of the Department of Human Services ("DHS") on May 29, 2020. (See attached, Defendant's Exhibit A[1].)

4. Also included in Government's first discovery production was a summary of an interview conducted by DHS on June 15, 2020 with Meagan Bartlett, who has made numerous uncharged, uncorroborated and disputed claims regarding M.V. and Defendant.

5. In subsequent discovery productions, the Government has provided Defendant with summaries of two (2) *additional* interviews the Federal Bureau of Investigation ("FBI") has conducted with Meagan Bartlett at the behest of the Government. Those interviews with Meagan Bartlett occurred on December 22, 2020 and February 17, 2022.

6. As of February 27, 2022, ten (10) days after the Government's *second* re-interview of Meagan Bartlett, no one from the United States Attorney's Office or the FBI had made any effort to reach out to either M.V. or her custodial parent (her mother.)

---

[1] Summary of M.V.'s forensic interview, Bates 54-55, with M.V.'s name redacted for purposes of this motion

7. On March 2, 2022, FBI Special Agent David Young scheduled an appointment with M.V.'s mother for the mother, M.V. and adult daughter (F.G.) to meet with the FBI and AUSA Chantelle Dial on March 11, 2022 at 9am.

8. On March 10, 2022, FBI Special Agent David Young confirmed with M.V.'s mother than they would still be meeting at the Office of the United States Attorney's Office the following morning. The mother confirmed they would be there. Unfortunately, the inclement weather (snow and ice) delayed the opening of the United States Attorney's Office that morning and the appointment had to be rescheduled.

9. On March 11, 2022, the mother agreed to the proposed rescheduled interview date and time, which was March 16, 2022 at 2pm.

10. Counsel for Defendant met with M.V. by mutual agreement and with the consent of M.V.'s custodial parent (her mother) on March 8, 2022. This was the first (and only) time counsel for Defendant met with M.V.

11. During that interview, M.V. reiterated the statements she had made to the forensic interviewer in May 2020.

12. During that interview, counsel for Defendant asked M.V. about each of Meagan Bartlett's claims. Based on the statements M.V. made to counsel on March 8, 2022, counsel for Defendant prepared an Affidavit to attach in support of Defendant's Motion in Limine, which was filed on March 11, 2022. (Dkt. #33.)

13. Despite there being no objection or protest by the mother or M.V. to meet with AUSA Chantelle Dial and the FBI, AUSA Dial filed a Motion for Appointment of Guardian Ad Litem on March 14, 2022 (Dkt. #37.)

14. The Government's motion alleges, among other things:

> 4. The substance of the affidavit is largely unsurprising to the government, but the government finds it disconcerting that Goldesberry's attorney may have facilitated a sworn statement from her client's alleged minor victim.
> 5. The notary of [M.V.'s] affidavit is Jessica McMillan. Ms. McMillan is defense counsel's legal assistant. The government has now subpoenaed Ms. McMillan as a fact witness for trial regarding [M.V.'s] affidavit. The government is concerned with the circumstances surrounding the affidavit including whether the minor signed the affidavit with a parent or attorney for the minor present, where the affidavit was signed, who else was present, and if the consequences and weight of signing the affidavit were properly explained to the minor. (Dkt. #37.)

15. On March 15, 2022, an FBI agent delivered a jury trial subpoena to Jessica McMillan, legal secretary for Defendant's counsel, demanding her appearance at Defendant's trial. The subpoena was delivered to Ms. McMillan during business hours at Swab, Stall, Horton & Fu, her place of employment. The subpoena requested Ms. McMillan contact the United States Attorney's Office upon receipt, which Ms. McMillan did. Ms. McMillan was ordered to appear at the federal courthouse at 9:15am on the Monday of trial and to remain there indefinitely.

## ARGUMENT AND AUTHORITY

**I.    GOVERNMENT'S SUBPOENA TO JESSICA MCMILLAN SHOULD BE QUASHED**

First, this Subpoena seeks testimony which is not relevant. Under Federal Rule of Evidence 401, relevant evidence is defined as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Rule 402 renders irrelevant evidence inadmissible. Rule 403's balancing test allows for the Court to "exclude evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Professional curtesy suggests a simple phone call to either counsel for Defendant or to her office's main line, where Ms. McMillan answers the phone, would have answered the Government's alleged "concerns." Further, the Government could have dispatched an FBI agent to interview Ms. McMillan regarding the circumstances surrounding the Affidavit, if the Government legitimately had "concerns" for M.V. Finally, the Government could have asked M.V. or M.V.'s mother ("Michelle") about the circumstances surrounding the Affidavit during the Government's March 16, 2022 interview with both M.V. and Michelle at the United States Attorney's Office. Any of these options could have assuaged the Government of its "concerns."

In fact, the Government did ask both Michelle and M.V. about the circumstances surrounding the Affidavit at their meeting on March 16, 2022 as evidenced by the Government's most recent discovery production (See attached, Defendant's Exhibits B and C[2].) As such, Ms. McMillan's testimony would not be relevant or admissible, would cause undue delay, would waste

---

[2] Portion of summary of M.V.'s and Michelle's interviews with AUSA Dial and FBI on March 16, 2022, Bates 308 and 304-305, with M.V.'s name redacted for purposes of this motion

time, and would be needlessly presenting cumulative evidence in violation of Rules 401, 402, and 403.

The Government's focus since the advent of this case has been on Meagan Bartlett's uncorroborated and disputed hearsay, rather on the statements of the alleged victim, M.V. At the eleventh hour, the Government makes wild assumptions (while admitting it is "unsurprised" by the contents of the Affidavit) and disrupts the practice of Defendant's counsel's law office by demanding the appearance of the firm's only staff member. The appearance and testimony of Defendant Goldesberry's counsel's legal secretary would be *extremely burdensome* to counsel's law firm, Swab, Stall, Horton & Fu, and therefore, should be quashed under Federal Rule of Civil Procedure 45(d)(3)(A)(iv). It would be extremely burdensome to require the firm's *only* staff to appear at the courthouse for any portion of Defendant's jury trial for testimony that under any circumstance is not relevant or admissible. The Government has no valid basis for demanding Ms. McMillan's appearance and made no effort to determine whether her appearance could even be loosely construed as relevant before dispatching an FBI agent to personally serve Ms. McMillan with a trial subpoena at her place of employment during work hours.

WHEREFORE, PREMISES CONSIDERED, Defendant Goldesberry respectfully moves that this honorable Court grant its Motion to Quash the Government's Subpoena for Jessica McMillan.

Respectfully submitted,

*s/ Andrea Brown*
Andrea Brown, OBA #22682
Swab & Stall
2021 S. Lewis Ave., Ste. 520
Tulsa, OK 74104
(918) 625-1098
abrown@swabstall.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Chantelle Dial
Assistant United States Attorney
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119

*s/Andrea A. Brown*
Andrea A. Brown