# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 21-CR-450-CVE |
| **RAYMOND LEE GOLDESBERRY,** | |
| Defendant. | |

## Government's Motion in Limine

The government requests an order prohibiting Raymond Lee Goldesberry from introducing or eliciting unsubstantiated and irrelevant allegations against Nathan Bartlett regarding his relationship with his daughter, Meagan Bartlett, and his prior employment. These allegations are inadmissible, unsupported, do not go to the witness's credibility, and should be excluded from trial.

## Relevant Facts

In May 2020, M.V. disclosed to a family friend—Meagan Bartlett—that M.V.'s father, Goldesberry, digitally penetrated M.V. three years earlier. M.V. also told Meagan about acts of self-harm she had committed due to various life events, including the death of family members and sexual abuse by her father. Following these disclosures, Meagan consulted her father, Nathan Bartlett, who told her to contact the Oklahoma Department of Human Services. Meagan reported M.V.'s allegations of sexual abuse and self-harm to DHS.

At the time Meagan reported M.V.'s allegations to DHS, F.G., Goldesberry's adult daughter, was staying with Meagan. On the day DHS called Michelle Goldesberry, Goldesberry's wife, Nathan and Meagan drove F.G. home. When they arrived at the Goldesberrys' home, Nathan confronted Goldesberry, who made several statements, about which Nathan will testify at trial.

During an interview Michelle Goldesberry alleged that Nathan had been fired from his job as Dewar, Oklahoma's Chief of Police because child pornography was found on his work computer. Michelle had no personal knowledge of the situation but was merely repeating allegations she had heard. Michelle and F.G. also disclosed historical allegations that Nathan had sexually abused Meagan.

Nathan worked at the Dewar Police Department from 2006 until 2012 and became Chief of that department sometime between 2006 and 2009. Nathan stated he was put on medical leave in 2009 and subsequently discharged from the Department for medical reasons in 2012. Between 2009 and 2012, child pornography was apparently found on a computer in the Dewar Police Department. Nathan confirms that although he was questioned about the materials, he was cleared of any wrongdoing, was never charged or disciplined, and remains eligible to serve in law enforcement.

During separate interviews, Nathan and Meagan denied the Goldesberrys' allegations of sexual abuse. Meagan disclosed one instance where Nathan awkwardly cuddled Meagan in the middle of the night, mistaking Meagan for her mother, but stated Nathan never inappropriately touched or abused her.

## Argument

Under Federal Rule of Evidence 401, relevant evidence is any evidence that makes a fact of consequence more or less probable than it would without the evidence. *See* Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "As a general matter, evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Ibarra-Diaz*, 805 F.3d 908, 928-929 (10th Cir. 2015) (citation and quotation marks omitted).

Under Federal Rule of Evidence 608, a defendant can attack a witness's credibility with reputation and opinion testimony regarding their character for truthfulness, but "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character." Fed. R. Evid. 608(b); *see also United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009) ("[S]pecific unrelated instances of a witness's prior misconduct may be used to impeach the witness at the discretion of the court, however, only to the extent the misconduct reflects on the witness's character for truthfulness."). "Such inquiry is within the discretion of the trial court subject to rule 403." *United States v. Morales–Quinones*, 812 F.2d 604, 613 (10th Cir. 1987). The discretion must be exercised within the ambit of the other rules of evidence, including Rules 401, 402, and 403, which address the relevance and probative value of possible evidence. *See United*

3

*States v. Whitmore,* 359 F.3d 609, 619 (D.C.Cir. 2004).

The advisory committee notes to Rule 608 recognize the substantial possibilities for abusing Rule 608. Consequently, the committee erected safeguards by imposing specific requirements that the instances of conduct be probative of truthfulness or its opposite and not remote in time. *See Beltran-Garcia*, 338 F. App'x at 770. Also, the overriding protection of Rule 403 requires that the probative value of Rule 608 evidence not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury. Specifically, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.[1]

Any evidence regarding allegations of misconduct or Nathan Bartlett's departure from his post as Chief of the Dewar Police Department runs afoul of Rule 608. Not only are the claims unsubstantiated, the Goldesberrys' unfounded allegations regarding child pornography are wholly unrelated to Nathan's credibility and are entirely irrelevant to his substantive testimony regarding his interactions with Goldesberry. *See United States v. Leonardi*, 623 F.2d 746, 757 (2nd Cir. 1980) (upholding district court's decision to bar evidence of a witness's prior criminal act

---

[1] Indeed, "prudence counsels against free exploration of a witness's past. . . . Trials are costly enough already without getting bogged down in mini-trials about the side issue of whether a witness did things that are unrelated to anything in the case except the witness's character." Roger Park & Tom Lininger, *The New Wigmore: A Treatise on Evidence: Impeachment and Rehabilitation* § 3.3, at 121 (2012).

4

not resulting in conviction when those acts did not "tend to impugn the witness' credibility."); *see also Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967) ("In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity."). Mere allegations of child pornography possession do not have any bearing on Nathan's character for truthfulness as they do not reveal instances in which Nathan was deceitful. Because this testimony would not affect Nathan's credibility and would unfairly prejudice the Government and mislead the jury, it also fails Rule 403's balancing test and should be excluded.

Michelle and F.G.'s statements regarding Nathan's alleged sexual abuse of Meagan should likewise be excluded. Regardless of whether Nathan and Meagan deny the abuse—which they do—hearsay evidence of what the Goldesberrys say has gone on in the Bartlett household is not related to the credibility of the witnesses. Finally, this evidence would pass neither Rule 401 muster nor Rule 403's balancing test. Evidence of any alleged sexual abuse by Nathan does not tend to make any material fact at issue in this case more or less probable, especially where the evidence includes the Goldesberry's admissions that he digitally penetrated K.G. but did so by accident. Hearsay statements alleging Nathan sexually abused Meagan would distract from the matter before the jury and would mislead and confuse the jury.

**Conclusion**

This Court should exclude any evidence regarding allegations of child pornography possession or of sexual abuse by Nathan Bartlett. Those unsupported allegations do not meet Rule 608's requirement that specific instances of a witness's prior misconduct reflect on a witness's character for truthfulness. Further, the evidence is not relevant to any of the allegations against Goldesberry, and, if allowed, would likely mislead and confuse the jury. As such, this evidence should be excluded.

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Kyle McWaters*
Chantelle Dial, WSBA No. 51736
Kyle M. McWaters, Va. Bar No. 91614
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## Certificate of Service

I hereby certify that on the 23rd day of March 2022, I electronically transmitted the foregoing sealed document to the Clerk of Court using the ECF System for filing and emailed a copy of the same to the following:

Andrea Brown
Counsel for Raymond Lee Goldesberry

*/s/ Kyle McWaters*
Kyle McWaters
Assistant United States Attorney
